```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

IN THE MATTER OF THE COMPLAINT         :

        of                             :       09 Civ. 3767 (PAC)

MILLER'S LAUNCH, INC., as owner of M/V  :       ORDER
MARGUERITE MILLER for Exoneration
from or Limitation of Liability,        :

                Petitioner.             :
----------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 26, 2011

HONORABLE PAUL A. CROTTY, United States District Judge:

This is a discovery dispute arising out of a petition for exoneration from or limitation of liability of the motor vessel Marguerite Miller, which is owned by Miller's Launch, Inc. Miller's Launch, Inc. provided services to Weeks Marine Inc., a maritime construction company. On April 14, 2008, Wayne Schnapp, an employee of Weeks Marine Inc. boarded the Marguerite Miller at a Manhattan construction site, and was transported to the Weeks Marine's construction yard in Jersey City. Schnapp disembarked from the vessel, performed certain duties, and then proceeded to reembark on the Marguerite Miller. While doing so, he fell. His injuries included a fractured knee and various other damages.

Schnapp retained an attorney who, on November 15, 2008 commenced a lawsuit in New York State Supreme Court, claiming that the injuries he suffered were due to the fault of Marguerite Miller. On April 14, 2009, Miller's Launch Inc., as owner of M/V Marguerite Miller, petitioned for exoneration from a limitation of liability. Petitioner submitted appropriate proof that the Marguerite Miller had a value of $75,000 as of the April, 2008 date that Wayne Schnapp claimed he was injured due to the negligence of Marguerite Miller and her owner.

Petitions for exoneration or limitation of liability "must be brought within 6 months after a claimant gives the owner written notice of the claim." 46 U.S.C. § 30511(a). Obviously, the petition filed here in April, 2009 was timely (i.e., instituted within 6 months), if the notice given by the claimant's Complaint was the first notice the owner received.

Schnapp contends that the owner was on notice prior to the commencement of litigation in November, 2008, so that the petition to exonerate or limit liability was not timely. The claimant's attorney, Paul Hofmann, points to a letter he wrote on May 23, 2008 to Mr. Michael Walters. Mr. Walters is an attorney who was retained by Miller's Launch Inc.'s insurance carrier to investigate the incident. Mr. Hofmann's letter states as follows:

> Dear Mr. Walters:
>
> This will confirm our conversation on Friday May 23, 2008 in which I advised you that I represent Mr. Schnapp in his claim arising from the incident on 4/14/08. I direct you, accordingly, to not attempt to contact Mr. Schnapp. Any communication regarding this matter shall be through me.
>
> Thank you for your cooperation.
>
> The letter is signed by Mr. Hofmann.

Mr. Hofmann admits that none of his correspondence "stated a 'value' of the claim nor did [he] write directly to Miller's." (Hofmann letter, 2/23/2010, pg. 2). Further, the letter does not list the vessel, its owner, the injury Schnapp claims, the dollar amount of the claim, or even suggest that litigation is imminent.

While the absence of these factors seems at variance with the statutory requirement of a "written notice of claim" to the owner, at present, there is no issue before the Court as to whether Mr. Hofmann's letter of May 23, 2008 is or is not a "written notice of claim" within the meaning of 46 U.S.C. § 30511. That is an issue for later consideration. Instead, Mr. Hofmann seeks

2

discovery of whether Miller's Launch Inc. received notice from others (i.e., other than the claimant) that the value of Schnapp's claim exceeded the value of the vessel. It is not clear whether others can provide notice in light of the statute's requirement that the claimant is to provide written notice. At this stage, however, the Court is dealing with a discovery request which may lead to relevant admissible evidence.

On March 3, 2010, Miller's Launch Inc. submitted its "Privilege Log" which consists of five documents. Two of the documents, dated 2/12/09 and 12/6/08, cannot be relevant to whether Miller's Launch Inc. had notice of claim, since the lawsuit was started in November 2008, and Miller's Launch Inc. obviously had notice of claim as of that date. Also, it would appear that after the lawsuit began, Mr. Walters' work is more easily denominated as work product.

As to the other three documents, dated 5/29/08, 6/30/08, and 9/13/08, each document may contain relevant information. The Court notes that claimant's argument here is a very broad one: information supplied by the insurance investigator to the insurer about the scope of the injury (from which an inference about the size of the claim may be drawn), satisfies the statutory requirement of notice to the owner. It is one thing to find that providing written notice of the claim to an agent (or insurance investigator) is notice to the client (or insured). It is quite another matter to say that based on the agent's or insurance investigator's report to the insurer, that the vessel owner should have known a claim was coming in a sufficient amount so as to trigger the six month period. The Court again notes that this is not the question before the Court.

As to the discoverability of the three documents, Miller's Launch Inc. asserts attorney-client and/or work product protection. It is clear that Mr. Walters was retained by Miller's Launch Inc.'s insurance carrier to represent the insurance company's interests in the matter; and

3

the three letters are addressed to the insurer, not to the owner or the owner's attorney of record. It appears that each of the documents was prepared in the ordinary course of business (e.g., is there a claim, is it meritorious, is there coverage); and nothing suggests that the investigative reports were prepared in anticipation of litigation. Mr. Walters' work was undertaken almost immediately after the incident and appears to be what it is: an investigation of potential insurance claims, rather than a work undertaken in preparation for litigation. In the very similar circumstances, Judge Lynch held that an insurance investigator's reports of an accident investigation are not protected as work product. Weber v. Paduano, 2003 WL 161340 (S.D.N.Y.). The fact that Mr. Walters is an attorney does not change this result. Id. The privilege attaches to the client's communication of information, but Mr. Walters does not report on any conversations with Miller's Launch Inc. Indeed, his three letters are not even addressed to Miller's Launch Inc. The three letters are Mr. Walters' investigative reports which he prepared in the ordinary course of business. They are neither privileged nor work product. Id.; AIU Insurance Company v. TIG Insurance Company (Magistrate Judge Henry Pitman), 2008 WL 4067437 (S.D.N.Y.).

 The Court expresses no opinion on whether Mr. Walters' reports constitute notice to the owner that a potential claim might exceed the value of the vessel; similarly, the Court expresses no opinion on the appropriateness of, or the basis for, a potential motion to strike the petition for exoneration from or limitation of liability as untimely. The Court holds only that the following three documents are discoverable: Mr. Walters' letter reports of 5/29/08, 6/30/08, and 9/13/08. Additionally, Mr. Walters may be deposed concerning the subject matter of these three letters.

The Court recognizes that its resolution of this issue has taken longer than it should have. The parties should meet and confer and submit a revised Civil Case Management Plan which addresses the document production called for in this Order; the remaining depositions; and time for motions addressing the petition for exoneration or limitation. If the parties cannot agree, each party should submit its own views for the Court's resolution.

Dated: New York, New York
April 26, 2011

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge